FILED
JANUARY 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

KC

08 C 115

JUDGE KENNELLY
MAGISTRATE JUDGE VALDEZ

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAKIM JONES, by and through ERIC JONES, his father and next best friend; | ) ) ) |
| Plaintiff, | ) No. |
| vs. | ) Judge |
| | ) Magistrate Judge |
| CITY OF CHICAGO, Chicago Police Officers KEVIN FRY, Star 15329, and JAYSEN ORKOWSKI, Star 2831, | ) ) ) Jury Demand ) ) |
| Defendants. | ) |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8. RAKIM JONES ("RAKIM") is the son of ERIC JONES. On the date of the incident, December 17, 2006, RAKIM was 16 years-old.

9. On December 17, 2006, RAKIM was walking near 63rd and Racine in the City of Chicago. RAKIM heard gunshots and started to run in fear for his life.

10. Defendant-Officers saw RAKIM running and ordered him to put his hands up.

11. RAKIM put his hands up.

12. Defendant-Officers approached RAKIM.

13. RAKIM told the Defendant-Officers that he was running in fear for his life after he heard the gunshots.

14. Defendant-Officers tackled RAKIM to the ground.

15. When RAKIM was on the ground, Defendant-Officers hit RAKIM, kicked him in the face, and pepper sprayed him.

16. RAKIM was placed in handcuffs.

17. An ambulance was called because of RAKIM's injuries.

18. An ambulance came and transported RAKIM to St. Bernard Hospital.

19. RAKIM was arrested for mob action and resisting a police officer.

20. After a "station adjustment," RAKIM was released without being charged.

21. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to RAKIM's rights.

22. As a direct and proximate result of the acts of the Defendants described above, RAKIM has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, and medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

23. Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

24. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain RAKIM.

25. The actions of Defendant-Officers in arresting RAKIM without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

 c) Award attorneys' fees and costs;

 d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

26. Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

27. The Defendant-Officers violated RAKIM's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

 a) Enter judgment against Defendant-Officers;

 b) Award compensatory and punitive damages, as determined at trial;

 c) Award attorneys' fees and costs;

 d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

28. Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

29. While RAKIM was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

30. Defendant-Officers were deliberately indifferent to RAKIM's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

 a) Enter judgment against Defendant-Officers;

 b) Award compensatory and punitive damages, as determined at trial;

 c) Award attorneys' fees and costs;

 d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

31. The acts of the individual Defendant-Officers described in the above claims were

willful and wanton, and committed in the scope of employment.

32. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury**

                                          Respectfully submitted,

                                          /s/ Daniel P. Kiss
                                          *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595