UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAKIM JONES, by and through ERIC JONES, his father and next best friend; | |
|     Plaintiff, | Case No. 08 C 115 |
| v. | Judge Kennelly |
| CITY OF CHICAGO, Chicago Police Officers KEVIN FRY, Star 15329, and JAYSEN ORKOWSKI, Star 2831, | Magistrate Judge Valdez |
|     Defendants. | Jury Trial Demanded |

## DEFENDANTS CITY OF CHICAGO'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendant City of Chicago ("City"), by and through one of its attorneys, Shneur Z. Nathan, hereby submits the foregoing answer to Plaintiff's Complaint:

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** **City admits that Plaintiff purports to bring a civil rights action pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments, but denies that 42 U.S.C. § 1983 provides Plaintiff with a direct cause of action.**

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343 (a).

**ANSWER:** **City admits that this Court has jurisdiction to hear and try this case.**

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** **City admits that venue is proper in the United States District Court for the Northern District of Illinois.**

## Parties

4. Plaintiff is a resident of Chicago, Illinois.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** **City admits the allegations of the above paragraph.**

6. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** **City admits the allegations of the above paragraph.**

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:** **City admits the allegations of the above paragraph.**

## Facts

8. RAKIM JONES ("RAKIM") is the son of ERIC JONES. On the date of the incident, December 17, 2006, RAKIM was 16 years-old.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

9. On December 17, 2006, RAKIM was walking near 63rd and Racine in the City of Chicago. RAKIM heard gunshots and started to run in fear for his life.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

10. Defendant-Officers saw RAKIM running and ordered him to put his hands up.

**ANSWER:** City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.

11. RAKIM put his hands up.

**ANSWER:** City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.

12. Defendant-Officers approached RAKIM

**ANSWER:** City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.

13. RAKIM told the Defendant-Officers that he was running in fear for his life after he heard the gunshots.

**ANSWER:** City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.

14. Defendant-Officers tackled RAKIM to the ground.

**ANSWER:** City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.

15. When RAKIM was on the ground, Defendant-Officers hit RAKIM, kicked him in the face, and pepper sprayed him.

**ANSWER:** City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.

16. RAKIM was placed in handcuffs.

**ANSWER:** City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.

17. An ambulance was called because of RAKIM's injuries.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

18. An ambulance came and transported RAKIM to St. Bernard Hospital.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

19. RAKIM was arrested for mob action and resisting a police officer.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

20. After a "station adjustment," RAKIM was released without being charged.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

21. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively and with a conscious disregard and deliberate indifference to RAKIM's rights.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

22. As a direct and proximate result of the acts of the Defendants described above, RAKIM has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, and medical expenses.

**ANSWER:** **Individual Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

## COUNT I
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

23. Plaintiff realleges paragraphs 1 through 22 as if fully set for the herein.

**ANSWER:** **City reasserts its answers contained in all preceding paragraphs and incorporates its answers herein, as though fully stated.**

24. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain RAKIM.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

25. The actions of Defendant-Officers in arresting RAKIM without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

26. Plaintiff realleges paragraphs 1 through 22 as if fully set for the herein.

**ANSWER:** **City reasserts its answers contained in all preceding paragraphs and incorporates is answers herein, as though fully stated.**

27. The Defendant-Officers violated RAKIM's Fourth Amendment right as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

## COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

28. Plaintiff realleges paragraphs 1 through 22 as if fully set for the herein.

**ANSWER:** **City reasserts its answers contained in all preceding paragraphs and incorporates is answers herein, as though fully stated.**

29. While RAKIM was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

30.  Defendant-Officers were deliberately indifferent to RAKIM's right to be free from excessive and unreasonable force.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

## COUNT IV
### (42 U.S.C. § 1983 – Indemnification Claim pursuant to 745 ILCS 10/9-102)

31.  The acts of the individual Defendant-Officers describes in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:** **City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

32.  Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:** **City denies that Plaintiff has accurately and completely stated the nature of the City's liability, if any, under Illinois law. Furthermore, all state law claims are time-barred.**

**WHEREFORE, City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award it such fees and costs as allowed by law, and grant such further relief as this Court deems just, fair, and proper.**

## AFFIRMATIVE DEFENSES

1.  City is not liable to Plaintiff if its agents or employees are not liable to Plaintiff. 745 ILCS 10/2-109.

2. To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct.745 ILCS 10/2-202.

3. The City is not liable for any act or omission caused by another person. 745 ILCS 10/2-204.

4. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. See Poole v. City of Rolling Meadows, 167 Ill. 2d 41, 656 N.E. 2d 768, 212 Ill. Dec. 171 (1995).

5. To the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

6. To the extent that Count IV alleges a state law claim against City, it is time-barred.

## JURY DEMAND

**City demands a trial by jury.**

Respectfully submitted,

/s/ Shneur Z. Nathan
SHNEUR Z. NATHAN
Counsel for City of Chicago

30 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-1842
Atty. No. 06294495