UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAKIM JONES, by and through ERIC JONES, his father and next best friend; | ) ) ) | |
| | ) | Case No. 08 C 115 |
| Plaintiff, | ) ) | |
| v. | ) | Judge Kennelly |
| | ) | |
| CITY OF CHICAGO, Chicago Police Officers KEVIN FRY, Star 15329, and JAYSEN ORKOWSKI, Star 2831, | ) ) ) ) | Magistrate Judge Valdez |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |

# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAKIM JONES, by and through ERIC JONES, his father and next best friend; | ) ) ) |
| | ) Case No. 08 C 115 |
| Plaintiff, | ) ) |
| v. | ) Judge Kennelly |
| | ) |
| CITY OF CHICAGO, Chicago Police Officers KEVIN FRY, Star 15329, and JAYSEN ORKOWSKI, Star 2831, | ) Magistrate Judge Valdez ) ) ) ) |
| Defendants. | ) Jury Trial Demanded |

**DEFENDANT FRY'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant Kevin Fry, by and through one of his attorneys, Shneur Z. Nathan, Assistant Corporation Counsel of the City of Chicago, hereby submits the foregoing Answer to Plaintiff's Complaint:

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** **Defendant Fry admits that Plaintiff purports to bring a civil rights action pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments, but deny that 42 U.S.C. § 1983 provides Plaintiff with a direct cause of action.**

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343 (a).

**ANSWER:** **Defendant Fry admits that this Court has jurisdiction to hear and try this case.**

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** **Defendant Fry admits that venue is proper in the United States District Court for the Northern District of Illinois.**

## Parties

4. Plaintiff is a resident of Chicago, Illinois.

**ANSWER:** **Defendant Fry lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** **Defendant Fry admits the allegations of the above paragraph.**

6. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** **Defendant Fry admits the allegations of the above paragraph.**

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:** **Defendant Fry admits the allegations of the above paragraph.**

## Facts

8. RAKIM JONES ("RAKIM") is the son of ERIC JONES. On the date of the incident, December 17, 2006, RAKIM was 16 years-old.

**ANSWER:** **Defendant Fry lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

9. On December 17, 2006, RAKIM was walking near 63rd and Racine in the City of Chicago. RAKIM heard gunshots and started to run in fear for his life.

**ANSWER:   Defendant Fry denies the allegations of the above paragraph. Answering further, Plaintiff was the subject of a foot chase that included the area of 63rd and Racine.**

10.   Defendant-Officers saw RAKIM running and ordered him to put his hands up.

**ANSWER:   Defendant Fry admits the allegations of the above paragraph, but denies the above paragraph fully and accurately portrays the sequence of events that occurred on December 17, 2006.**

11.   RAKIM put his hands up.

**ANSWER:   Defendant Fry denies the allegations of the above paragraph.**

12.   Defendant-Officers approached RAKIM

**ANSWER:   Defendant Fry admits that he approached Plaintiff, but denies the above paragraph fully and accurately portrays the sequence of events that occurred on December 17, 2006.**

13.   RAKIM told the Defendant-Officers that he was running in fear for his life after he heard the gunshots.

**ANSWER:   Defendant Fry denies the allegations of the above paragraph.**

14.   Defendant-Officers tackled RAKIM to the ground.

**ANSWER:   Defendant Fry admits that he physically brought Plaintiff to the ground, but denies the above paragraph fully and accurately portrays the sequence of events that occurred on December 17, 2006.**

15.   When RAKIM was on the ground, Defendant-Officers hit RAKIM, kicked him in the face, and pepper sprayed him.

**ANSWER:    Defendant Fry admits that he deployed O.C. spray to overcome Plaintiff's persistent attempts at defeating arrest and that Plaintiff was on the ground when the OC spray was deployed. However, Defendant Fry denies that the above paragraph fully and accurately reflects the entire incident and denies ever hitting or kicking Plaintiff.**

16.    RAKIM was placed in handcuffs.

**ANSWER:    Defendant Fry admits the allegations of the above paragraph, but denies the above paragraph fully and accurately portrays the sequence of events that occurred on December 17, 2006.**

17.    An ambulance was called because of RAKIM's injuries.

**ANSWER:    Defendant Fry admits the allegations of the above paragraph, but denies the above paragraph fully and accurately portrays the sequence of events that occurred on December 17, 2006.**

18.    An ambulance came and transported RAKIM to St. Bernard Hospital.

**ANSWER:    Defendant Fry admits the allegations of the above paragraph.**

19.    RAKIM was arrested for mob action and resisting a police officer.

**ANSWER:    Defendant Fry admits the allegations of the above paragraph.**

20.    After a "station adjustment," RAKIM was released without being charged.

**ANSWER:    Defendant Fry lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

21.    Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively and with a conscious disregard and deliberate indifference to RAKIM's rights.

**ANSWER:    Defendant Fry denies the allegations of the above paragraph.**

22. As a direct and proximate result of the acts of the Defendants described above, RAKIM has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, and medical expenses.

**ANSWER:** **Defendant Fry denies the allegations of the above paragraph.**

## COUNT I
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

23. Plaintiff realleges paragraphs 1 through 22 as if fully set for the herein.

**ANSWER:** **Defendant Fry reasserts his answers contained in paragraphs 1 through 22 and incorporates those answers herein, as though fully stated.**

24. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain RAKIM.

**ANSWER:** **Defendant Fry admits he did not have an arrest warrant, but denies the remaining allegations of the above paragraph.**

25. The actions of Defendant-Officers in arresting RAKIM without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:** **Defendant Fry denies the allegations of the above paragraph.**

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

26. Plaintiff realleges paragraphs 1 through 22 as if fully set for the herein.

**ANSWER:** **Defendant Fry reasserts his answers contained in paragraphs 1 through 22 and incorporates those answers herein, as though fully stated.**

27. The Defendant-Officers violated RAKIM's Fourth Amendment right as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:** Defendant Fry denies the allegations of the above paragraph.

## COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

28. Plaintiff realleges paragraphs 1 through 22 as if fully set for the herein.

**ANSWER:** Defendant Fry reasserts his answers contained in paragraphs 1 through 22 and incorporates those answers herein, as though fully stated.

29. While RAKIM was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER:** Defendant Fry denies the allegations of the above paragraph.

30. Defendant-Officers were deliberately indifferent to RAKIM's right to be free from excessive and unreasonable force.

**ANSWER:** Defendant Fry denies the allegations of the above paragraph.

## COUNT IV
### (42 U.S.C. § 1983 – Indemnification Claim pursuant to 745 ILCS 10/9-102)

**ANSWER:** Defendant Fry makes no answer to this count because it is not directed at him.

WHEREFORE, Defendant Fry prays that this Court enter judgment in his favor on Plaintiff's Complaint, award him such fees and costs as allowed by law, and grant such further relief as this Court deems just, fair, and proper.

## AFFIRMATIVE DEFENSES

1. Defendant Fry is entitled to qualified immunity. Defendant Fry is a governmental official, namely a police officer, who performs discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Fry could have believed his actions to be lawful, in light of clearly established law and the information the Defendant Fry possessed. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

      2.      Any award of damages against Defendant Fry shall be reduced in proportion to the comparative fault of Plaintiff's own acts or omissions, including but not limited to Plaintiff's own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages.

      3.      Punitive damages under section 1983 violate due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and are void for vagueness for failing to specify (1) what sort of conduct gives rise to liability for such damages, and (2) the maximum fine.

      4.      To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## JURY DEMAND

**Defendant Fry demands trial by jury.**

                                                          Respectfully submitted,

                                                            /s/ Shneur Z. Nathan_____

30 North LaSalle Street                            SHNEUR Z. NATHAN
Suite 1400                                            Assistant Corp. Counsel
Chicago, Illinois 60602
(312) 742-1842
Atty. No. 6294495