IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAKIM JONES, by and through ERIC JONES, his father and next best friend; | ) ) ) | |
| | ) | Case No. 08 C 115 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Kennelly |
| CITY OF CHICAGO, | ) | Magistrate Judge Valdez |
| Chicago Police Officers KEVIN FRY, Star 15329, and | ) ) | Jury Trial Demanded |
| JAYSEN ORKOWSKI, Star 2831, | ) ) | |
| Defendants. | ) | |

**DEFENDANT ORKOWSKI'S ANSWER, AFFIRMATIVE DEFENSES,
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant Jaysen Orkowski, by and through one of his attorneys, Liza M. Franklin, Chief Assistant Corporation Counsel of the City of Chicago, hereby submits the foregoing answer to Plaintiff's Complaint, affirmative defenses, and jury demand as follows:

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:   Defendant Orkowski admits that plaintiff purports to bring a civil rights action pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments, but deny that 42 U.S.C. § 1983 provides Plaintiff with a direct cause of action.**

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343 (a).

**ANSWER:** **Defendant Orkowski admits that this Court has jurisdiction to hear and try this case.**

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** **Defendant Orkowski admits that venue is proper in the United States District Court for the Northern District of Illinois.**

## Answer to Parties

4. Plaintiff is a resident of Chicago, Illinois.

**ANSWER:** **Defendant Orkowski lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** **Defendant Orkowski admits the allegations of the above paragraph.**

6. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** **Defendant Orkowski admits the allegations of the above paragraph, but denies committing any acts which would result in liability to plaintiff.**

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:** **Defendant Orkowski admits the allegations of the above paragraph.**

## Answer to Facts

8. RAKIM JONES ("RAKIM") is the son of ERIC JONES. On the date of the incident, December 17, 2006, RAKIM was 16 years-old.

**ANSWER:** **Defendant Orkowski lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

9. On December 17, 2006, RAKIM was walking near 63rd and Racine in the City of Chicago. RAKIM heard gunshots and started to run in fear for his life.

**ANSWER:** **Defendant Orkowski lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

10. Defendant-Officers saw RAKIM running and ordered him to put his hands up.

**ANSWER:** **Defendant Orkowski denies the allegations in the above paragraph.**

11. RAKIM put his hands up.

**ANSWER:** **Defendant Orkowski denies the allegations in the above paragraph.**

12. Defendant-Officers approached RAKIM

**ANSWER:** **Defendant Orkowski admits the allegations in the above paragraph, but denies the sequence of events.**

13. RAKIM told the Defendant-Officers that he was running in fear for his life after he heard the gunshots.

**ANSWER:** **Defendant Orkowski denies the allegations in the above paragraph.**

14. Defendant-Officers tackled RAKIM to the ground.

**ANSWER:** **Defendant Orkowski denies the allegations in the above paragraph.**

15. When RAKIM was on the ground, Defendant-Officers hit RAKIM, kicked him in the face, and pepper sprayed him.

**ANSWER:** **Defendant Orkowski denies the allegations in the above paragraph to the extent they allege conduct by him. On information and belief, Defendant Orkowski admits Plaintiff was pepper sprayed when he continued to resist arrest.**

16. RAKIM was placed in handcuffs.

**ANSWER:** **Defendant Orkowski admits the allegations in the above paragraph.**

17. An ambulance was called because of RAKIM's injuries.

**ANSWER:** **Defendant Orkowski admits the allegations in the above paragraph.**

18. An ambulance came and transported RAKIM to St. Bernard Hospital.

**ANSWER:** **Defendant Orkowski admits the allegations in the above paragraph.**

19. RAKIM was arrested for mob action and resisting a police officer.

**ANSWER:** **Defendant Orkowski admits the allegations in the above paragraph.**

20. After a "station adjustment," RAKIM was released without being charged.

**ANSWER:** **Defendant Orkowski admits the allegations in the above paragraph.**

21. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively and with a conscious disregard and deliberate indifference to RAKIM's rights.

**ANSWER:** **Defendant Orkowski denies the allegations in the above paragraph.**

22. As a direct and proximate result of the acts of the Defendants described above, RAKIM has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, and medical expenses.

**ANSWER:   Defendant Orkowski lacks sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

### ANSWER TO COUNT I
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

23. Plaintiff realleges paragraphs 1 through 22 as if fully set for the herein.

**ANSWER:   Defendant Orkowski reasserts his answers contained in all preceding paragraphs and incorporate their answers herein, as though fully stated.**

24. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain RAKIM.

**ANSWER:   Defendant Orkowski admits he did not have an arrest warrant, but deny the remaining allegations of the above paragraph.**

25. The actions of Defendant-Officers in arresting RAKIM without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:   Defendant Orkowski denies the allegations of the above paragraph.**

### ANSWER TO COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

26. Plaintiff realleges paragraphs 1 through 22 as if fully set for the herein.

**ANSWER:   Defendant Orkowski reasserts his answers contained in all preceding paragraphs and incorporate his answers herein, as though fully stated.**

27. The Defendant-Officers violated RAKIM's Fourth Amendment right as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:    Defendant Orkowski denies the allegations of the above paragraph.**

## ANSWER TO COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

28. Plaintiff realleges paragraphs 1 through 22 as if fully set for the herein.

**ANSWER:    Defendant Orkowski reasserts his answers contained in all preceding paragraphs and incorporate their answers herein, as though fully stated.**

29. While RAKIM was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER:    Defendant Orkowski denies the allegations of the above paragraph.**

30. Defendant-Officers were deliberately indifferent to RAKIM's right to be free from excessive and unreasonable force.

**ANSWER:    Defendant Orkowski denies the allegations of the above paragraph.**

## ANSWER TO COUNT IV
### (42 U.S.C. § 1983 – Indemnification Claim pursuant to 745 ILCS 10/9-102)

**ANSWER:    Defendant Orkowski makes no answer to this count because it is not directed at him.**

WHEREFORE, Defendant Orkowski prays that this Court enter judgment in his favor on Plaintiff's Complaint, award Defendant Orkowski such fees and costs as allowed by law, and grant such further relief as this Court deems just, fair, and proper.

## AFFIRMATIVE DEFENSES

1. Defendant Orkowski is entitled to qualified immunity. Defendant Orkowski is a governmental official, namely a police officer, who performs discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Individual Defendants could have believed their actions to be lawful, in light of clearly established law and the information Defendant Orkowski possessed. *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

2. Any award of damages against Defendant Orkowski shall be reduced in proportion to the comparative fault of plaintiff's own acts or omissions, including but not limited to plaintiff's own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages.

3. To the extent plaintiff failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff had a duty to mitigate their claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

## JURY DEMAND

**Defendant Orkowski demands trial by jury.**

Respectfully submitted,

/s/ Liza M. Franklin
LIZA M. FRANKLIN
Chief Assistant Corporation Counsel

30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 742-0170
Atty. No. 06216088